# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**YNESSA D. BROWN**

Case Number. 8:15-cr-432-T-17JSS
USM Number: 63413-018

Scott Lyon Robbins, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Sixteen of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the IRS and Commit Wire Fraud | June, 2013 | One |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | May 1, 2013 | Sixteen |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two through Fifteen, Seventeen and Eighteen of the Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

July 29, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

August ___, 2016

Ynessa D. Brown
8:15-cr-432-T-17JSS

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SIXTY-ONE (61) MONTHS.  This term consists of THIRTY-SEVEN (37) MONTHS as to Count One of the Indictment and a consecutive term of TWENTY-FOUR (24) MONTHS as to Count Sixteen of the Indictment.

    The Court recommends to the Bureau of Prisons that the defendant:

1. 1st choice of incarceration at Coleman FL
2. 2nd choice of incarceration - somewhere in Florida.
3. Defendant is pregnant at time of sentencing and may have C-Section last week of December 2016.  Defendant needs to provide medical information regarding birth of child and other medical history.
4. Defendant needs necessary secondary education; then procure GED.
5. Provide academic education in business administration and management; primarily in real estate.
6. Counseling regarding adjustment to prison; **first time incarceration**.

    **The defendant may voluntarily surrender at the institution designated by the Bureau of Prisons at 12 noon on Tuesday, January 31, 2017.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                              _____
                                                         UNITED STATES MARSHAL

                                        By: _____
                                                        Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Ynessa D. Brown
8:15-cr-432-T-17JSS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This term consists of THREE (3) YEARS as to Count One of the Indictment and a ONE (1) YEAR term as to Count Sixteen of the Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | $673,398.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Internal Revenue Service<br>Attn: MS 6261 "Restitution"<br>333 West Pershing Road<br>Kansas City, Missouri 64108 | $767,398.00 | $673,398.00 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Ynessa D. Brown
8:15-cr-432-T-17JSS

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of $200.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

## Joint and Several

Restitution shall be paid jointly and severally with Thelonius Robertson.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:15-cr-432-T-17JSS

YNESSA D. BROWN

### FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the United States of America's (DKT. 55) Motion for a Forfeiture Money Judgment in the amount of $767,398.00.

Being fully advised of the relevant facts, the Court hereby finds that at least $767,398.00 in proceeds was obtained from the conspiracy to commit wire fraud to which the defendant pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be held jointly and severally liable with co-defendant Thelonius Robertson for a forfeiture money judgment in the amount of $767,398.00.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

CASE NO. 8:15-CR-432-T-17JSS

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 12th day of MAY, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Holly L. Gershow, AUSA
Counsel of Record

2